**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

*In re* **J.B.-1**

**No. 20-0584** (Mercer County 18-JA-119-DS)

## MEMORANDUM DECISION

Petitioner Father J.B.-2, by counsel William O. Huffman, appeals the Circuit Court of Mercer County's June 30, 2020, order terminating his custodial rights to J.B.-1.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Catherine Bond Wallace, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his custodial rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2018, the DHHR filed a child abuse and neglect petition against the child's parents alleging that petitioner was charged with several criminal offenses including operating a methamphetamine laboratory, counterfeiting, obstruction, battery on a police officer, improper registration, and child neglect with risk of serious bodily injury. According to the DHHR, at the time of petitioner's arrest, he had custody of the child. As such, the child required medical attention because of possible exposure to a methamphetamine laboratory. The DHHR further alleged that a protection plan was proposed to place the child with his maternal grandmother, but petitioner refused to approve the placement alleging that the child would not be safe there. However, the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, because the child and petitioner share the same initials, we will refer to them as J.B.-1 and J.B.-2, respectively, throughout this memorandum decision.

1

DHHR explained in the petition that there were no allegations against the grandmother, who was already the guardian for the child's half-sibling.[2] Petitioner waived his preliminary hearing.

In June of 2018, the circuit court held an adjudicatory hearing wherein petitioner stipulated to drug abuse and the circuit court adjudicated him as a neglectful parent. The circuit court also granted petitioner a post-adjudicatory improvement period.

The circuit court held a review hearing on petitioner's progress in December of 2018. The DHHR informed the court that petitioner was ordered to participate in a psychological evaluation, but that he was "on zero tolerance," had moved to Virginia, and had tested positive for controlled substances. Nevertheless, the circuit court granted petitioner an extension of his improvement period while further multidisciplinary team meetings were scheduled. In February of 2019, the circuit court held another hearing wherein petitioner moved for overnight visitation with the child. The circuit court granted petitioner's request for overnight visitation provided that petitioner agreed to "spot checks" and did not allow anyone else to visit with the child.

In April of 2019, the circuit court held another review hearing wherein the DHHR presented evidence that petitioner was failing to cooperate with some drug screens and testing positive for controlled substances, such as marijuana, on other screens. Following another MDT meeting, the circuit court granted petitioner a post-dispositional improvement period. Thereafter, the circuit court held additional hearings at which it continued petitioner's post-dispositional improvement period and required that he submit to drug screens twice weekly.

The circuit court held an emergency hearing in August of 2019 after the child's grandmother filed a domestic violence petition against petitioner in magistrate court. The circuit court ordered that the child undergo a forensic interview and later revoked the magistrate court's decision to grant the domestic violence order.

After multiple continuances, the circuit court held a final dispositional hearing in June of 2020. At the hearing, a psychologist who had observed petitioner's interactions with the child testified that petitioner had the skill set to be an effective parent, confirmed that petitioner and the child had a strong bond, and opined that terminating petitioner's parental rights would be a "very devastating thing for a child." However, on cross examination, the psychologist acknowledged that petitioner's failure to comply with drug screening was concerning. The psychologist also acknowledged some doubts about petitioner's ability to care for the child, characterizing him as "extremely guarded and defensive" and often reluctant to admit even minor faults in parenting. The psychologist further acknowledged that he did not know about petitioner's positive screens for methamphetamine, noting that petitioner only informed him about struggling with marijuana usage. Next, a police officer testified that petitioner made several inculpatory statements signaling his involvement with the alleged methamphetamine laboratory but acknowledged that no indictment had been filed. A case manager also testified that petitioner tested positive for methamphetamine in October of 2018 and December of 2019. A secretary from the child's school testified that, on one occasion, petitioner arrived at the school appearing to be impaired and was,

_____

[2]Petitioner is not the biological father of the child's sibling, R.W. As such, the child is not at issue on appeal.

therefore, asked to leave. Finally, a CPS worker testified that petitioner had been compliant with adult life skills and parenting classes but had missed several drug screens.

After hearing the evidence, the circuit court found that petitioner had prior opportunities to correct his behavior, but that he continued to abuse controlled substances. The circuit court also found that while petitioner still needed assistance, many witnesses testified to the strong bond between petitioner and the child. Accordingly, the circuit court terminated petitioner's custodial rights only upon finding that there was no reasonable likelihood that petitioner could correct the conditions of abuse or neglect in the near future and that termination was necessary for the child's welfare. However, the circuit court permitted petitioner to have supervised visitation with the child at the discretion of the DHHR. Petitioner now appeals the June 30, 2020, dispositional order terminating his custodial rights.[3]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating his custodial rights absent clear and convincing evidence. First, petitioner argues that "there is no evidence that the condition which originally led to the filing of the abuse and neglect petition" (alleged involvement with a methamphetamine laboratory) was ever proven or occurred again. According to petitioner, he properly parented J.B.-1 for several years without any evidence of abuse and neglect. This argument, however, is without merit given that petitioner was adjudicated of neglect based on his stipulation below. Because petitioner stipulated at adjudication, he has waived the issue of whether there was sufficient evidence to adjudicate him of neglect, and we decline to address it on appeal. *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009) ("'Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)."). Further, because petitioner stipulated to neglecting the child due to his substance

---

[3]The mother's parental rights were also terminated below. The permanency plan for the child is guardianship by his grandmother.

abuse, the DHHR was not required to establish that petitioner was involved in the operation of a clandestine methamphetamine laboratory in order for the circuit court to adjudicate petitioner, and, therefore, this argument is similarly without merit.

Next, petitioner argues that the circuit court erred in refusing to impose a less-restrictive alternative to the termination of his custodial rights. We disagree.

West Virginia Code § 49-4-604(c)(6) provides that circuit courts are to terminate custodial rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(d) provides that a circuit court may find that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected when the abusing parent has "demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help."

The record establishes that petitioner demonstrated an inadequate capacity to solve the problems of abuse or neglect either on his own or with help. As noted above, petitioner was granted a post-adjudicatory improvement period and was provided with services aimed at correcting his issues with drug abuse. While petitioner claims that he no longer abuses controlled substances, he missed several drug screens throughout the course of the proceedings. Moreover, petitioner continued to deny he had a drug addiction in the face of positive tests, claiming his positive screen for methamphetamine in December of 2019 failed to meet a certain threshold level. While petitioner points out that he appropriately cared for J.B.-1 for much of his life prior to the proceedings, the record demonstrates that the child was at risk by petitioner's continued drug abuse and alleged involvement in a methamphetamine laboratory. Although petitioner contends his innocence and points to a lack of criminal conviction, he does not deny that he made various statements demonstrating his involvement. Further, by continuing to test positive for methamphetamine and marijuana during the proceedings, petitioner has demonstrated that his substance abuse has continued unabated. Based on this evidence, we cannot find that the circuit court erred in ruling that there was no reasonable likelihood that petitioner could correct the conditions of abuse or neglect in the near future, as petitioner demonstrated an inadequate capacity to solve his issues of drug abuse on his own or with help.

While petitioner claims that he should have been granted a less-restrictive disposition to the termination of his custodial rights, we have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Based on the foregoing, we find no error in the circuit court's termination of petitioner's custodial rights.

4

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 30, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**:   March 16, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton